In the

# United States Court of Appeals
## For the Seventh Circuit

No. 04-4011

TONISHA VIA,

*Plaintiff-Appellee,*

*v.*

SANDRA LAGRAND, a DCP investigator,
in her individual capacity,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 3278—**Matthew F. Kennelly**, *Judge.*

ARGUED SEPTEMBER 14, 2006—DECIDED NOVEMBER 17, 2006

Before CUDAHY, MANION, and ROVNER, *Circuit Judges.*

MANION, *Circuit Judge.* Tonisha Via sued four employees and officials of the Department of Child Protection ("DCP") within the Illinois Department of Children and Family Services ("DCFS"), alleging claims under 42 U.S.C. § 1983 and Illinois law. The defendants claimed they were entitled to qualified immunity on the federal claims and moved for summary judgment. The district court granted summary judgment in favor of three of the defendants on the § 1983 claims, but denied summary judgment to defen-

dant Sandra LaGrand. LaGrand appeals. We dismiss for lack of jurisdiction.

## I.

Tonisha Via worked as a child-care teacher at KinderCare Learning Centers, Inc., in Elgin, Illinois, where six-month-old Madison L. was enrolled. During the afternoon of April 11, 2001, while changing Madison L.'s diaper, Via noticed Madison L. acting as if she were experiencing pain in her left leg. Via also claims that Madison L. was unusually upset earlier that day and the previous day. Via notified another daycare worker and the facility's director that Madison L. seemed to be in pain. After examining Madison L., the director called her mother who picked Madison L. up and took her to the hospital. Doctors determined that Madison L. had a broken leg.

Sandra LaGrand, a DCP investigator for the Illinois DCFS, was assigned to the case involving Madison L.'s broken leg. Following her investigation, LaGrand determined that credible evidence supported an indicated report against Via for child abuse or neglect of Madison L. LaGrand's supervisor, Roi Montalvo, approved the report, and it was officially entered against Via on May 16, 2001. The DCFS notified KinderCare of the indicated finding against Via and KinderCare responded by firing Via. The indicated finding was also posted on the Child Abuse and Neglect Tracking System ("CANTS"). The DCFS did not provide Via with a hearing before entering the indicated finding on CANTS.

Via appealed the indicated finding to an Administrative Law Judge ("ALJ"). Via claims that during the appeal process the ALJ repeatedly advised the DCFS to expunge the indicated report from its record, but that the Assistant

Associate Deputy Director for Child Protection in Cook County, Mary Ellen Eads, refused to expunge the report. Via further alleged that the Associate Deputy Director for Child Protection, John Goad, supported Eads' decision not to expunge the indicated report during the appeal process. On January 16, 2003, exactly twenty months after the DCFS initially indicated Via, the indicated report was expunged, after the ALJ issued a written recommendation for expungement.

After the expungement, Via sued LaGrand, Montalvo, Eads, and Goad under 42 U.S.C. § 1983, alleging they violated her constitutional right to due process. Via also alleged a state law claim for intentional infliction of emotional distress against the four defendants. The district court granted qualified immunity on the constitutional claims for defendants Montalvo, Eads, and Goad, but denied LaGrand's claim of qualified immunity. The district court also granted summary judgment in favor of Goad on Via's state law intentional infliction of emotional distress claim, but denied LaGrand, Montalvo, and Eads' motions for summary judgment on that state law theory. LaGrand filed this interlocutory appeal, claiming she is entitled to qualified immunity, which is the only issue before us.

## II.

On appeal, LaGrand claims that she is entitled to qualified immunity on Via's § 1983 due process claim. Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. To state a claim under § 1983, then, Via must allege she was "(1) deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was visited upon [her] by a person or persons acting under color of state law." *Jones v. Wilhelm*, 425 F.3d 455, 465 (7th Cir. 2005).

In her complaint, Via alleged that she had a liberty interest in her job as a daycare worker. Via further alleged that LaGrand, while acting on behalf of the DCP, violated her constitutional right to due process by indicating her for child neglect or abuse despite knowing that there was no evidence that she had abused or neglected Madison L. On appeal, LaGrand does not challenge Via's claim of a liberty interest in her chosen profession. Rather, LaGrand claims that she only indicated Via for child abuse or neglect after investigating the claim and finding credible evidence to support the indicated finding. LaGrand then stresses that the credible evidence standard was not declared unconstitutional until *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 619-20 (7th Cir. 2002), which this court decided after she indicated Via.[1] Accordingly, LaGrand

---

[1] In *Doyle*, this court held that the DCFS's meager "credible evidence" standard for indicating a daycare employee for abuse or neglect violated the plaintiffs' right to due process because of the plaintiffs' significant interests in their employment in the child-care industry, coupled with the extensive delay in

(continued...)

claims she is entitled to qualified immunity. *See Jones*, 425 F.3d at 460 (holding that a defendant is entitled to qualified immunity if the alleged constitutional right was not clearly established at the time of the alleged violation).

In this case, the district court agreed with LaGrand that if credible evidence supported an indicated finding against Via, LaGrand would be entitled to qualified immunity "because the unconstitutionality of that standard was not yet clearly established at the time of the investigation of Via." District Court Opinion at 4-5. The district court, however, also concluded that "signing a report indicating someone for child abuse or neglect without any supporting evidence is conduct 'so egregious that no reasonable person could have believed that it would not violate clearly established rights.'" District Court Opinion at 8. As the district court further explained: "In other words, any reasonable person in LaGrand's position would have known in 2001 that indicating Via for abuse or neglect in the absence of evidence of abuse or neglect was a clear violation of Via's right to due process." District Court Opinion at 8.

The district court reviewed the record to determine whether Via presented sufficient evidence that "LaGrand issued an indicated report of neglect or abuse despite knowing that there was no evidence to suggest that Via abused or neglected Madison L." District Court Opinion at 6. The district court concluded that "[t]he transcript of LaGrand's testimony raises a genuine issue of fact as to whether she indicated Via without any evidence of abuse or neglect." District Court Opinion at 6. Specifically, the district court relied on this exchange between LaGrand and

---

[1] (...continued)
holding a post-deprivation hearing. *Doyle*, 305 F.3d at 618-19.

Via's attorney, at the hearing on Via's administrative appeal:

> [Attorney]: Tell me what was this act of negligence or neglect that you determined Tonisha [Via] did.
>
> LaGrand:   Based on information that we had got from the doctor, that's why the case was indicated on Tonisha [Via].
>
> [Attorney]: I heard your answer, but I don't understand it in relation to my question, so I'll ask it again. What was this act that Tonisha [Via] did that was an act of neglect you determined?
>
> LaGrand:   That during the time that she was changing the diaper that the incident occurred.
>
> [Attorney]: Well what did she do, what was the act of neglect?
>
> LaGrand:   I don't know.
>
> [Attorney]: Well you already told us there was no direct, right?
>
> LaGrand:   Correct.
>
> [Attorney]: So you didn't find any blatant acts of disregard of caretaker responsibility done by Via, did you?
>
> LaGrand:   No.
>
> [Attorney]: Isn't that how the Department defines neglect?
>
> LaGrand:   Correct.
>
> * * *

[Attorney]: So you just concluded that the last one to be with the child, she must have been the one who did it, is that basically what we are talking about here?

LaGrand:     Yes.

District Court Opinion at 6-7.

The district court concluded that "[b]ased on this testimony, LaGrand arguably admitted under oath that there was no evidence to support an indication against Via. . . . Taking the evidence in the light most favorable to Via, a reasonable jury could therefore find that LaGrand violated her constitutional right to due process." District Court Opinion at 7-8.

On appeal, LaGrand argues that "she was entitled to summary judgment because there was evidence in support of her recommendation that Via be indicated for child abuse or neglect." Appellant Brief at 17. The district court, however, concluded otherwise, holding that "[t]he transcript of LaGrand's testimony raises a genuine issue of fact as to whether she indicated Via without any evidence of abuse or neglect." District Court Opinion at 6. Critically, and dispositively, this court lacks interlocutory jurisdiction to review the district court's conclusion whether genuine issues of material fact exist. *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995) (holding that a defendant "may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial"). A straightforward application of *Johnson* makes clear that this court lacks interlocutory jurisdiction over this appeal. Yet, because the briefs and oral argument in this case demonstrate an apparent misunderstanding of the jurisdictional principles

governing interlocutory appeals, some additional analysis is called for.

Generally, this court lacks jurisdiction under 28 U.S.C. § 1291 to review a district court's denial of summary judgment. *Jones*, 425 F.3d at 466. "However, an exception to this rule comes into play when a movant requests summary judgment based on qualified immunity." *Id.* "Under the collateral order doctrine the district court's denial of [a] motion for summary judgment based on qualified immunity is an immediately appealable 'final decision' within the meaning of 28 U.S.C. § 1291 to the extent that it turns on legal rather than factual questions." *Wernsing v. Thompson*, 423 F.3d 732, 741 (7th Cir. 2005). However, in *Johnson*, the Supreme Court held that a defendant "may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson*, 515 U.S. at 319-20.

This court recently summarized the Supreme Court's *Johnson* decision, in *McKinney v. Duplain*, 463 F.3d 679 (7th Cir. 2006):

> In *Johnson*, the plaintiff, Houston Jones, sued several policemen, claiming the officers used excessive force when they arrested him and later beat him at the police station. *Johnson*, 515 U.S. at 307. Five officers arrested Jones or were present when he was booked. The arresting officers had found Jones lying on the street; the officers thought Jones was drunk, but, in reality, he had suffered an insulin seizure. *Id.* When Jones came to, he was in a hospital with several broken ribs. *Id.* Three of the officers moved for summary judgment, arguing that Jones failed to present sufficient evidence that they had either beaten him or been present when others had done

so. *Id.* Jones responded by pointing to his own deposition testimony in which he swore that officers (although he did not identify which ones) had used excessive force when arresting him and later at the police station. *Id.* Jones further pointed to the depositions of the three officers, all of whom admitted they were present at the arrest and in or near the booking room when Jones was there. *Id.* at 307-08. The district court concluded that this evidence was sufficient to create a genuine issue of fact whether the three officers stood by and watched the beating, and if they had done so, that was sufficient to create liability. *Id.* at 308. The officers appealed, arguing that "the denial was wrong because the record contained not a scintilla of evidence . . . that one or more of them had ever struck, punched or kicked the plaintiff, or ever observed anyone doing so." *Id.* (internal quotations omitted). This court refused to consider the officers' argument, holding that we lacked appellate jurisdiction to determine whether the record contained sufficient evidence to raise a "genuine" issue of fact for trial. The officers appealed to the Supreme Court. The Supreme Court in *Johnson* affirmed, holding "that a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."

*Id.* at 686. Thus, if the district court finds a genuine issue of material fact exists, appellate courts lack jurisdiction to review the record, even if the appellate court perceives an error in the district court's reading of the summary judg-

ment record. *Id.* at 689-90.[2]

   *McKinney* also noted that the Supreme Court clarified the scope of *Johnson* in *Behrens v. Pelletier,* 516 U.S. 299 (1996). *McKinney*, 463 F.3d at 686 (citing *Behrens*, 516 U.S. 299). The Court in *Behrens* explained that "*Johnson* surely does not mean that *every* such denial of summary judgment is nonappealable." *Behrens*, 516 U.S. at 313 (emphasis in original). Rather, the *Behrens* Court explained:

> *Johnson* held, simply, that determinations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified immunity case; if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly "separable" from the plaintiff's claim, and hence there is no "final decision."

*Behrens*, 516 U.S. at 313 (citing *Johnson*, 515 U.S. at 313-18). *Behrens* also stressed that "*Johnson* reaffirmed that summary judgment determinations *are* appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity, [*Johnson*, 515 U.S.] at 317—typically, the issue whether the federal right allegedly infringed was clearly established . . . ." *Behrens*, 516 U.S. at 313 (quoting *Johnson,* 515 U.S. at 317). The Court in *Behrens* further emphasized that "*Johnson* permits petitioner to claim on appeal that all of the conduct which the District Court

---

[2] Conversely, if the defendant argues on appeal that he is entitled to qualified immunity no matter how the genuine issue of material fact is resolved, we would have jurisdiction to consider that purely legal question. *See Johnson*, 515 U.S. at 317.

deemed sufficiently supported for purposes of summary judgment met the (qualified immunity) standard of objective legal reasonableness." *Behrens*, 516 U.S. at 313.

We applied *Johnson* and *Behrens* in *McKinney.* In *McKinney,* the estate of Michael McKinney sued Officer Duplain, alleging Officer Duplain violated Michael's constitutional rights by using excessive force; in responding to a 911 burglary-in-progress call, Officer Duplain had shot and killed McKinney. *McKinney*, 463 F.3d at 680. Officer Duplain argued that he was entitled to summary judgment because the undisputed facts established that McKinney had charged him and that therefore he was justified in shooting McKinney. *Id.* at 689. The district court rejected Officer Duplain's argument, concluding that the testimony presented by McKinney's experts created a factual issue as to whether McKinney had charged Officer Duplain. *Id.* On appeal, this court noted that there were several problems with the expert's testimony, but held that under *Johnson*, we lacked jurisdiction to consider a *Daubert* challenge. *Id.* at 690-91. Specifically, we explained that "given the mandate of *Johnson,* we lack jurisdiction to conduct such a review of the record. As *Johnson* made clear, a defendant 'may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a "genuine" issue of fact for trial.' " *Id*. at 690 (quoting *Johnson,* 515 U.S. at 319-20). We then explained that that was exactly what Officer Duplain sought to do: "Officer Duplain maintains that the record does not support the district court's conclusion that a genuine issue of fact exists as to whether McKinney charged Officer Duplain, because the only evidence that supports the view that McKinney did not charge comes from the inadmissible opinions of the proffered experts. . . ." *Id*. Accordingly, in *McKinney*, we held that "notwithstanding the numerous problems with the

proffered experts' opinions that Officer Duplain identifies, we must dismiss Officer Duplain's appeal for lack of jurisdiction." *Id.* at 691.

In holding in *McKinney* that we lacked jurisdiction, we acknowledged that "[i]t is true, . . . that the defense of qualified immunity is not just a defense to liability, but it also entitles a defendant not to stand trial . . . [and] . . . that the issue of qualified immunity should be resolved at the earliest possible stage in the litigation." *Id.* (internal quotation omitted). We stressed, though, that "the Supreme Court in *Johnson,* while acknowledging those principles, nonetheless concluded that other policy concerns outweighed the need for an immediate appeal." *Id*. *See Johnson,* 515 U.S. at 317-18 (noting that "the countervailing considerations that we have mentioned (precedent, fidelity to statute, and underlying policies) are too strong to permit" an immediate appeal). We further noted that:

> [a]lthough in some cases, the same factors that the Supreme Court in *Johnson* believed weighed against immediate appeal, might instead cut the other way—for instance, where the district court's mistake seems obvious—the Court in *Johnson* stressed that it must "of course decide appealability for categories of orders rather than individual orders."

*McKinney,* 463 F.3d at 691 (quoting *Johnson,* 515 U.S. at 315). Accordingly, we explained, "we cannot, in each individual case, 'engage in ad hoc balancing to decide issues of appealability.' " *Id*. *McKinney* then concluded that "even though in this case a holding that we lack jurisdiction may problematically prolong this case, under *Johnson* that is our only option." *Id*.

As the above summary makes clear, under *Johnson* and its progeny, this court lacks interlocutory jurisdiction to review

the record to determine whether the district court erred in finding that a genuine issue of material fact exists. In this case, the district court concluded that a genuine issue of fact existed concerning whether LaGrand indicated Via without any evidence of abuse or neglect. Even LaGrand acknowledges as much, stating in her brief, "[t]rue, the district court found that there was a genuine issue of disputed fact." Appellant's Brief at 3. LaGrand, however, does not argue that she is entitled to qualified immunity notwithstanding the factual issue found to exist by the district court. Rather, she argues that the district court misread LaGrand's testimony and that a genuine issue of fact does *not* exist. *See* Appellant's Brief at 3 ("The district court's reading of that testimony, however, did not create a genuine issue of fact because it is undisputed that LaGrand did not have any *direct* evidence of abuse or any evidence of specific acts of neglect. Instead, LaGrand relied on *circumstantial* evidence to recommend an indicated finding against Via."). LaGrand then cites to numerous pieces of evidence which, she claims, supported the indicated finding, and Via responds by pointing to contrary evidence. Were this an appeal from a grant of summary judgment, this court would review the record *de novo* to determine if a genuine issue of material fact existed. *Denisi v. Dominick's Finer Foods, Inc.*, 99 F.3d 860, 864 (7th Cir. 1996). However, on interlocutory appeal of a denial of qualified immunity, this court generally[3] lacks

---

[3] Had the district court not set forth the factual basis for its decision, or merely stated that genuine issues of material fact existed, without elaborating on exactly what those facts were, this court would then have had jurisdiction to review the record. *See Johnson*, 515 U.S. at 319 (holding that if the district court does not state what facts it assumed in denying summary judgment "a

(continued...)

jurisdiction to review the factual record. Instead, we may only consider whether the defendant is entitled to qualified immunity given the factual disputes found by the district court. *Johnson*, 515 U.S. at 319-20. As in *McKinney*, LaGrand challenges a denial of qualified immunity by arguing that the district court incorrectly assessed the record in determining that a genuine issue of material fact existed concerning whether any evidence supported LaGrand's indication of Via for child abuse or neglect. We lack jurisdiction over such an appeal.

### III.

The district court in this case concluded that a genuine issue of fact exists about whether LaGrand indicated Via for child abuse or neglect without *any* evidence of abuse or neglect. On appeal, LaGrand argues she is entitled to qualified immunity because the undisputed facts show that she had *some* evidence to support the indicated finding. Under *Johnson*, this court lacks jurisdiction to determine whether the summary judgment record sets forth a genuine issue of fact for trial. Accordingly, we DISMISS for lack of jurisdiction.

---

[3] (...continued)
court of appeals may have to undertake a cumbersome review of the record to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed") (internal quotations omitted).

No. 04-4011                                                    15

A true Copy:

     Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*